Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3973 | **DATE** | 3/14/2011 |
| **CASE TITLE** | Zugic et al. Vs. Structural Iron Workers Local Union No. 1 Pension Fund et al. | | |

**DOCKET ENTRY TEXT**

For the reasons described below, plaintiffs/counter-defendants' motion to dismiss [42] is denied as follows: part 1 of the motion is denied as moot, and part 2 of the motion is denied without prejudice as previously ordered [44]. The counterclaim of third-party defendant/counter-claimant Milanka Zugic [38] is stricken by agreement. Milanka Zugic may move for leave to file an amended counterclaim against the defendant Funds no later than 3/28/11, with notice properly served on all parties, including the defendants. Any such motion shall attach the proposed counterclaim as an exhibit. Milanka Zugic shall notice any such motion for 3/31/11, when the parties are already scheduled to appear for a status hearing.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs/counter-defendants Derek and Devin Zugic (collectively, "plaintiffs") brought this action against the defendant pension and annuity funds (the "Funds") and their respective boards of trustees under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), to recover pension and annuity fund benefits to which they claim they are entitled. (Second Am. Compl.) [Dkt 21.] Plaintiffs allege that their deceased father, Bobby Zugic, named them as beneficiaries under the Funds' plans, and that Milanka Zugic ("Ms. Zugic"), Bobby Zugic's spouse, is not entitled to the benefits in question. (*Id.*¶¶ 11, 15-18.) Plaintiffs claim that the Funds arbitrarily and capriciously denied their claims for benefits because Ms. Zugic disclaimed entitlement to the benefits and because Ms. Zugic's marriage to Bobby Zugic was fraudulent. (*Id.* ¶¶ 20, 33; Pls.' Mot. at 2.)

The Funds counterclaimed with an interpleader action against plaintiffs and Ms. Zugic to resolve the competing claims for benefits. (Defs.' Ans. Second. Am. Compl.) [Dkt 25.] On November 18, 2010, Ms. Zugic filed an answer to the interpleader claim and counterclaimed against plaintiffs under ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking an award of benefits under the plans. [Dkt 38.] Plaintiffs filed the present motion to dismiss Ms. Zugic's counterclaim on two grounds: (1) plaintiffs are not properly named parties under ERISA, 29 U.S.C. § 1132(a)(1)(B); and (2) Ms. Zugic never had a "bona fide" marriage to Bobby Zugic. (Pls.' Mot. at 2-5.)

On February 1, 2011, this court denied without prejudice part 2 of plaintiffs' motion as premature. [Dkt 44.] Thereafter, Ms. Zugic filed a response to the motion in which she agreed that plaintiffs were not proper parties under ERISA and stated that she had erroneously named them in her counterclaim. (M. Zugic Resp. at 2-3.) [Dkt 45.] Ms. Zugic asserted that her intent was to name the Funds as defendants in her counterclaim, and she asked the court for leave under Federal Rule of Civil Procedure 15(a) to amend page 16 of the pleading to replace plaintiffs' names with the names of the Funds. (*Id.* at 3.) Ms. Zugic did not file a motion to amend that

| STATEMENT |
|---|

would put have put the Funds on notice of this request. Plaintiffs did not file a reply in support of their motion.

The parties are correct that actions under 29 U.S.C. § 1132(a)(1)(B) to recover benefits under an ERISA plan should be brought against the plan itself as an entity. *Mein v. Carus Corp.*, 241 F.3d 581, 584 (7th Cir. 2001). In this case, the Funds admit that they are "plans" for ERISA purposes. (*See* Defs.' Ans. Second. Am. Compl. ¶¶ 5, 6.) As Ms. Zugic has acknowledged, Derek and Devin Zugic are not proper parties to her ERISA counterclaim.

The question therefore becomes whether Ms. Zugic may amend her counterclaim pursuant to Federal Rule of Civil Procedure 15(a) to delete the names of plaintiffs and substitute the Funds. Generally, Rule 15(a) directs that courts should "freely give leave" for such amendments "when justice so requires." Here, however, Ms. Zugic did not file a formal motion to amend her counterclaim to name the Funds instead of plaintiffs. As a result, the Funds were not put on notice of her request and have not had an opportunity to respond to the proposed amendment. Therefore, Ms. Zugic's counterclaim is stricken by agreement and she is given leave to move to file an amended counterclaim no later than March 28, 2011, with notice properly served on all parties, including the Funds. Because the counterclaim is stricken, part 1 of plaintiffs' motion to dismiss is denied as moot.